# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONG ZHENG, | 1:09-cv-01137-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ERIC HOLDER, et.al. | [Doc. 1] |
| Respondents. | |

Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on June 30, 2009. The petition alleges that the continued, indefinite detention of the petitioner violates his Constitutional rights.

**FACTUAL SUMMARY**[1]

Petitioner is a native and citizen of China. Petitioner is currently being detained at the Kern County Jail in Bakersfield, California. On March 20, 2009, Petitioner was ordered removed/excluded/removed from the United States by an Immigration Judge. He does not indicate whether he appealed such order.

///

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus.

1

DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[2] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, Petitioner states that he is being indefinitely detained by ICE in violation of his Constitutional rights. This issue was addressed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas, the U.S. Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. Id. at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the

---

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

2

moment of removal." Id. at 699.  In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." Id. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 701 (italics added).  The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").   After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.  However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review.  See, Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507  (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

     In this case, Petitioner has remained in the custody of the ICE since March 20, 2009. Petitioner's current detention is still within the six month "presumptively reasonable period of detention." Id.  Moreover, the court notes that with respect to Chinese nationals, efforts at repatriation are generally successful.  Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six month period and his claims of constitutional violations are not ripe for review.   Should Petitioner's detention continue past the six month presumptive period, he may re-file the instant federal action and obtain review.  At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED the Petition for Writ of Habeas Corpus BE DISMISSED as the claims raised are not ripe for federal review.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 6, 2009                           /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE